# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHU H. PAE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-16-1198-M |
| ) | |
| THE CITY OF LAWTON, a Municipal ) | |
| Corporation, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| *ex rel.* Department of the Treasury – ) | |
| Internal Revenue, ) | |
| THE STATE OF OKLAHOMA, *ex rel.* ) | |
| Oklahoma Tax Commission, ) | |
| GE MONEY BANK, ) | |
| RHONDA BRANTLEY, COUNTY ) | |
| TREASURER OF COMANCHE ) | |
| COUNTY, OKLAHOMA, ) | |
| THE BOARD OF COUNTY ) | |
| COMMISSIONERS OF COMANCHE ) | |
| COUNTY, OKLAHOMA, and ) | |
| UNKNOWN SPOUSE OF PLAINTIFF, ) | |
| if any, ) | |
| ) | |
| Third-Party Defendants. ) | |

## **ORDER**

Before the Court is plaintiff's Motion to Remand, filed November 14, 2016. On December 5, 2016, defendant City of Lawton ("City") filed its response. Plaintiff has filed no reply. Based upon the parties' submissions, the Court makes its determination.

On October 5, 2016, plaintiff filed this action in the District Court of Comanche County, State of Oklahoma, alleging the following causes of action against City: (1) quiet title, (2) inverse condemnation, and (3) violation of 42 U.S.C. § 1983. On October 14, 2016, City removed this action to this Court. Plaintiff now moves for an order remanding this case back to the District Court

of Comanche County, State of Oklahoma. Specifically, plaintiff asserts that (1) the Court should abstain from exercising its jurisdiction over the claims herein since the federal question claim is substantially predominated by unresolved state law issues; (2) whether an inverse condemnation claim may be brought in the context of an alleged nuisance abatement is a novel and unsettled issue of Oklahoma law; and (3) the Oklahoma law claims herein are not part of the same case and controversy as the federal law claim so that it would be improper for this Court to exercise its supplemental jurisdiction.

I.    Whether federal question claim is substantially predominated by unresolved state law issues

Plaintiff asserts that this Court should abstain from exercising jurisdiction in this case based upon *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941).

> *Pullman* abstention is appropriate when: (1) an uncertain issue of state law underlies the federal constitutional claim; (2) the state issues are amenable to interpretation and such interpretation obviates the need for or substantially narrows the scope of the constitutional claim; and (3) an incorrect decision of state law . . . would hinder important state law policies. Such abstention is a "narrow exception" to the duty of federal courts to adjudicate cases properly before them and is used only in exceptional circumstances.

*Kan. Judicial Review v. Stout*, 519 F.3d 1107, 1118-19 (10th Cir. 2008) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that the *Pullman* abstention doctrine does not apply in this case. Specifically, the Court finds plaintiff has not shown that there is an uncertain issue of state law underlying his § 1983 claim, that the state issues are amendable to interpretation and such interpretation obviates the need for or substantially narrows the scope of his § 1983 claim, or that an incorrect decision of state law would hinder important state law policies. The Court further finds that the unresolved state law issue cited by plaintiff – whether

2

defendant's actions are governed by the Oklahoma Governmental Tort Claims Act – is an issue routinely addressed by the courts in the Tenth Circuit exercising supplemental jurisdiction over state tort claims.

Plaintiff also asserts that plaintiff's federal question claim is substantially predominated by unresolved state law issues. Under 28 U.S.C. § 1367(c)(2), a court may decline to exercise supplemental jurisdiction over a state law claim if that "claim substantially predominates over the claim or claims over which the district court has original jurisdiction". 28 U.S.C. § 1367(c)(2). When determining whether a state law claim substantially predominates over a federal claim, a court should consider:

> (1) whether there is a substantial quantity of evidence needed to support the state claims that is not relevant to the federal claims; (2) whether the state claims predominate substantially in terms of the comprehensiveness of the remedy sought; and (3) whether the scope of the issues raised in the state claims shows that those issues predominate over the issues relevant to the federal claims.

*The Arc of the Pikes Peak Region v. Nat'l Mentor Holdings, Inc.*, Civil No. 10-cv-01144-REB-BNB, 2011 WL 1047222 at *3 (D. Colo. March 18, 2011) (citing *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995)).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has not shown that his § 1983 claim is substantially predominated by his state law claims. Specifically, the Court finds that in his Petition plaintiff adopts and incorporates the same background and factual allegations into his § 1983 claim as are set forth for his state claims. Further, the Court finds that plaintiff bases all of his claims on the same alleged course of conduct and alleged injuries suffered.

II. <u>Novel and unsettled issues of Oklahoma law</u>

Plaintiff asserts that supplemental jurisdiction over his state law claims is improper because his state law claims involve complex and novel issues of Oklahoma law. Specifically, plaintiff contends that whether he may bring his § 1983 claim is contingent upon a novel and unresolved issue of Oklahoma law regarding the Oklahoma Governmental Tort Claims Act and that his claims regarding the improper application of Oklahoma's nuisance abatement statutes involve issues that have been left unresolved by the Oklahoma courts.

Under § 1367(c)(1), a court may decline to exercise supplemental jurisdiction over a state law claim if "the claim raises a novel or complex issue of State law". 28 U.S.C. § 1367(c)(1). Having carefully reviewed the parties' submissions, the Court finds that plaintiff's state law claims do not raise novel or complex issues of Oklahoma law. As set forth above, whether defendant's actions are governed by the Oklahoma Governmental Tort Claims Act is an issue routinely addressed by the courts in the Tenth Circuit exercising supplemental jurisdiction over state tort claims. Further, the Court finds the fact that an issue has not been decided by a state court, alone, does not make that issue novel. *See Bain v. Cont'l Title Holding Co., Inc.*, Case No. 16-2326-JWL, 2016 WL 4415363 at *1 (D. Kan. Aug. 19, 2016) (finding gaps in case law do not render question novel or complex for purposes of § 1367(c)); *Arc of Pikes Peak*, 2011 WL 1047222 at *2 (finding fact that issue has not been decided by state court, alone, does not make issue novel). Thus, the Court finds that simply because certain issues involved in plaintiff's state law claims have been left unresolved by the Oklahoma courts does not make those issues novel or complex.

III.   Part of the same case or controversy

Plaintiff asserts that his claims for quiet title and inverse condemnation do not form part of the same case or controversy as his § 1983 claim. Under § 1367(a),

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Federal and state law claims satisfy this standard when they "derive from a common nucleus of operative facts." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff's state law claims form part of the same case or controversy as his § 1983 claim. Specifically, the Court finds that all of plaintiff's claims are based on the same alleged course of conduct and, thus, derive from a common nucleus of operative facts.

IV.   Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Remand [docket no. 9].

**IT IS SO ORDERED this 17th day of January, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE