# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHU H. PAE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-16-1198-M |
| ) | |
| THE CITY OF LAWTON, a Municipal ) | |
| Corporation, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| *ex rel.* Department of the Treasury – ) | |
| Internal Revenue, ) | |
| THE STATE OF OKLAHOMA, *ex rel.* ) | |
| Oklahoma Tax Commission, ) | |
| GE MONEY BANK, ) | |
| RHONDA BRANTLEY, COUNTY ) | |
| TREASURER OF COMANCHE ) | |
| COUNTY, OKLAHOMA, ) | |
| THE BOARD OF COUNTY ) | |
| COMMISSIONERS OF COMANCHE ) | |
| COUNTY, OKLAHOMA, and ) | |
| UNKNOWN SPOUSE OF PLAINTIFF, ) | |
| if any, ) | |
| ) | |
| Third-Party Defendants. ) | |

## **ORDER**

Before the Court is plaintiff's Motion to Dismiss, filed November 17, 2016. On December 6, 2016, defendant filed its response. Plaintiff has filed no reply.

Plaintiff moves the Court to dismiss defendant's counterclaim for failure to state a claim upon which relief can be granted. Specifically, plaintiff asserts that the Oklahoma statute which provides for the alleged lien claimed by defendant does not provide for defendant to enforce such lien once it has been certified to the county treasurer, as defendant claims to have done. Plaintiff further asserts that according to Oklahoma law, the only person that would be able to collect the lien

for the costs of the alleged abatement of the public nuisance upon plaintiff's property would be the county treasurer and such collection is only to be made as are other taxes authorized by law.

Okla. Stat. tit. 11, § 22-112 provides the procedure by which an Oklahoma municipality may condemn a dilapidated building within such municipality's limits, may remove such dilapidated building, and may obtain a lien on such property for the costs of the removal. Section 22-122(A)(5) provides, in pertinent part:

> if payment attributable to the actual cost of the dismantling and removal of the buildings is not made within six (6) months from the date of the mailing of the statement to the owner of such property, the municipal clerk shall forward a certified statement of the amount of the cost to the county treasurer of the county in which the property is located. Once certified to the county treasurer, payment may only be made to the county treasurer except as otherwise provided for in this section. The costs shall be levied on the property and collected by the county treasurer as are other taxes authorized by law. Until finally paid, the costs and the interest thereon shall be the personal obligation of the property owner from and after the date of the notice of dilapidation and lien is filed with the county clerk. In addition the cost and the interest thereon shall be a lien against the property from the date of the notice of the lien is filed with the county clerk. . . . <u>If the county treasurer and the municipality agree that the county treasurer is unable to collect the assessment, the municipality may pursue a civil remedy for collection of the amount owing and interest thereon including an action in personam against the property owner and an action in rem to foreclose its lien against the property.</u>

Okla. Stat. tit. 11, § 22-112(A)(5) (emphasis added).

As set forth above, the Oklahoma nuisance abatement statute expressly permits defendant to bring a civil action against plaintiff if the county treasurer and defendant agree that the county treasurer is unable to collect the assessment. Additionally, defendant has submitted a statement from the Comanche County Treasurer that she agrees that defendant may pursue a civil action against

2

plaintiff. Accordingly, the Court finds that defendant is authorized to bring the instant counterclaim and that said counterclaim should not be dismissed for failure to state a claim.

The Court, therefore, DENIES plaintiff's Motion to Dismiss [docket no. 18].

**IT IS SO ORDERED this 17th day of January, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE